# EXHIBIT A

```
09/29/2020                    Cabell County Circuit Clerk's Office                        Page:      1
08:54:08                       Docket Entries for case CK-6-2020-C-198
                              Style: Paula Lingenfelter
                                          v.
                                  Senior Home Care LLC
                           Judge: Judge Gregory L. Howard Jr.

Seq    Date         Description
─────────────────────────────────────────────────────────────────────────────────────────────────

   1 07/01/2020 Other: CIS, Complaint, 20 day summons prepared by atty and Cert mail for service
   2 08/28/2020 Other: ReIssd 20 Day Sumns to Senior Home Care, LLC, Personal Srvc
   3 09/04/2020 Other: AOS, Served Aamir Cheema 9/1/20
   4 09/08/2020 Other: ROS Grn Card For Senior Home Care LLC Signed By Illegible, No Date
   5 09/09/2020 Other: Notice of Bona Fide defense, COS
```

**IN THE CIRCUIT COURT OF** _____ **CABELL** _____ **COUNTY, WEST VIRGINIA**

## CIVIL CASE INFORMATION STATEMENT
### (Civil Cases Other than Domestic Relations)

**I. CASE STYLE:**

| | |
|---|---|
| **Plaintiff(s)** | Case No. 20-C-198 |
| Paula Lingenfelter | Judge: /s/ GREGORY L. HOWARD, JR. |
| c/o Law Office of Hoyt Glazer, PLLC | |
| 618 10th St., Ste 105, Huntington, WV 25701 | |

| | | | |
|---|---|---|---|
| **vs.** | **Days to Answer** | **Type of Service** | |
| **Defendant(s)** | | | |
| Senior Home Care, LLC | 20 | Certified Mail | FILED |
| Name | | | 2020 JUN -1 AM 10:11 |
| c/o Paracorp Incorporated | | | J.E. HOOD CIRCUIT CLERK CABELL CO. WV |
| Street Address | | | |
| 2804 Gateway Oaks Dr#100,Sacramento,CA95833 | | | |
| City, State, Zip Code | | | |

**II. TYPE OF CASE:**

| | |
|---|---|
| ☑ General Civil | ☐ Adoption |
| ☐ Mass Litigation *[As defined in T.C.R. 26.04(a)]* | ☐ Administrative Agency Appeal |
| ☐ Asbestos | ☐ Civil Appeal from Magistrate Court |
| ☐ FELA Asbestos | ☐ Miscellaneous Civil Petition |
| ☐ Other: | ☐ Mental Hygiene |
| ☐ Habeas Corpus/Other Extraordinary Writ | ☐ Guardianship |
| ☐ Other: | ☐ Medical Malpractice |

**III. JURY DEMAND:** ☑ Yes ☐ No  CASE WILL BE READY FOR TRIAL BY (Month/Year): 09 / 2021

| | |
|---|---|
| **IV. DO YOU OR ANY OF YOUR CLIENTS OR WITNESSES IN THIS CASE REQUIRE SPECIAL ACCOMMODATIONS?**<br><br>☐ Yes ☑ No | **IF YES, PLEASE SPECIFY:**<br>☐ Wheelchair accessible hearing room and other facilites<br>☐ Reader or other auxiliary aid for the visually impaired<br>☐ Interpreter or other auxiliary aid for the deaf and hard of hearing<br>☐ Spokesperson or other auxiliary aid for the speech impaired<br>☐ Foreign language interpreter-specify language: _____<br>☐ Other: _____ |

| | |
|---|---|
| Attorney Name: Hoyt Glazer | Representing: |
| Firm: Law Office of Hoyt Glazer, PLLC | ☑ Plaintiff   ☐ Defendant |
| Address: 618 10th Street, Suite 105, Huntington, WV 25701 | ☐ Cross-Defendant   ☐ Cross-Complainant |
| Telephone: (681) 204-3914 | ☐ 3rd-Party Plaintiff ☐ 3rd-Party Defendant |

☐ **Proceeding Without an Attorney**

Original and   2   copies of complaint enclosed/attached.

Dated:   06 / 30 / 2020      Signature: _____

**SCA-C-100: Civil Case Information Statement (Other than Domestic Relations)**      Revision Date: 12/2015

FILED

**IN THE CIRCUIT COURT OF CABELL COUNTY, WEST VIRGINIA**

PAULA LINGENFELTER, 2020 JUL -1 AM 10: 11

**Plaintiff,**

J.E HOOD
CIRCUIT CLERK
CABELL CO. WV

**v.**

Civil Action No. 20-C-198
Judge

/s/ GREGORY L. HOWARD, JR.

**SENIOR HOME CARE, LLC**
**d/b/a HOME CARE**
**ASSISTANCE,**

**Defendant.**

## COMPLAINT

Plaintiff, Paula Lingenfelter, by her counsel, Hoyt Glazer, Esq. and the Law Office of Hoyt Glazer, PLLC, files this legal action against Defendant Senior Home Care, LLC, doing business as Home Care Assistance, seeking redress and remedy arising from the Defendant's termination of her in violation of the West Virginia Human Rights Act, the Family and Medical Leave Act of 1993 [FMLA], the public policy reflected in the FMLA, and the West Virginia Wage Payment and Collection Act. Plaintiff requests a jury trial and relief sufficient to remedy the unlawful and outrageous employment practices of the Defendant.

### PARTIES

1. Plaintiff, Paula Lingenfelter is and was, at all times alleged herein, a citizen and resident of Cabell County, West Virginia.

2. Defendant, Senior Home Care, LLC, is a domestic corporation licensed to do business in the State of West Virginia, and doing business under the name Home Care Assistance in West Virginia.

1

3. Defendant Senior Home Care, LLC provides ambulatory care and home health care services.

4. At all times alleged, Defendant acted by and through its agents, employees, supervisors, directors, members, officers and assigns and within the full scope of agency, office, employment, and/or assignment.

## JURISDICTION & VENUE

5. This Court has jurisdiction and venue over this civil action under Article VIII, § 6 of the West Virginia Constitution.

6. Venue is appropriate in this matter under West Virginia Code § 56-1-1 because the Defendant does business and this cause of action arose in Cabell County, West Virginia.

## FACTS

7. At all times alleged, Ms. Lingenfelter is a licensed practical nurse (LPN) over the age of forty.

8. On or about February 15, 2018, Defendant hired Ms. Lingenfelter as a client care manager.

9. Ms. Lingenfelter's duties included patient intakes, appointment scheduling, supervision of employees, on-call managerial duties, determining patients' level of care, weekly client home visits, and shift coverage.

10. Ms. Lingenfelter worked 40 hours a week, earning $19 an hour plus mileage reimbursement.

11. Ms. Lingenfelter worked continuously from her hire until December 14, 2018.

12. On December 17, 2018, Ms. Lingenfelter underwent a hysterectomy.

13. Defendant had notice and knowledge of Ms. Lingenfelter's surgery.

2

14. Approximately two weeks after Ms. Lingenfelter's hysterectomy, Ms. Lingenfelter required an emergency hospital surgery and stay to address post-surgery complications.

15. Ms. Lingenfelter applied for FMLA leave to allow her time off work to care for her serious medical condition.

16. The Defendant approved Ms. Lingenfelter's application for FMLA, and she received between 6 to 8 weeks of leave.

17. Defendant told Ms. Lingenfelter she could use part of her five (5) weeks' vacation if she required extended leave.

18. Before the end of January of 2019, Ms. Lingenfelter notified the Defendant that she had received a release to return to work on February 4, 2019.

19. On or about January 31, 2019, the Defendant called Ms. Lingenfelter and told her they had not made goal revenue, and laid her off work.

20. Two weeks later, the Defendant replaced Ms. Lingenfelter with an employee under the age of forty who, on information and belief, had not received FMLA leave.

21. In May 2019, Ms. Lingenfelter applied for unemployment.

22. The Defendant contested Ms. Lingenfelter's unemployment (which Ms. Lingenfelter eventually received).

23. Ms. Lingenfelter learned that the Defendant was now claiming that it fired her on February 21, 2019 based on an alleged policy violation.

24. Ms. Lingenfelter denies having received any notice from Defendant that she had violated any policy during her employment.

25. Ms. Lingenfelter further alleges that any reason advanced by Defendant for her termination is an unlawful and/or discriminatory pretext for its termination of her.

3

26. At all times mentioned, Ms. Lingenfelter performed her duties satisfactorily or better and met the Defendant's reasonable expectations.

27. On information and belief, Ms. Lingenfelter's replacement did not suffer from any disabilities, actual or perceived.

28. Since Defendant's termination of Ms. Lingenfelter, she has been unable to find suitable, gainful employment.

**COUNT I: TERMINATION IN INTERFERENCE WITH PLAINTIFF'S RIGHTS UNDER THE FAMILY AND MEDICAL LEAVE ACT OF 1993**

29. Plaintiff incorporates all the previous paragraphs as if set forth here.

30. At all times on and after December 14, 2019, Plaintiff was qualified and eligible for a leave of absence due to her serious medical health condition.

31. Before Ms. Lingenfelter requested a medical leave of absence (FMLA leave) to treat her serious health condition, Plaintiff had worked at least 1250 (twelve hundred fifty) hours of service for Defendant.

32. Ms. Lingenfelter's medical condition also required additional care and treatment beyond the date that Ms. Lingenfelter would have served at least a year for Defendant, and such, she met the one year requirement for FMLA eligibility.

33. Defendant approved Ms. Lingenfelter's FMLA application.

34. Defendant is also a covered employer under the Family and Medical Leave Act because it employs more than 50 employees within a 75-mile radius of any of its locations in West Virginia and/or where Plaintiff worked.

35. Plaintiff engaged in conduct protected by the FMLA.

4

36. Defendant terminated Plaintiff for seeking FMLA leave and/or because it approved her for FMLA leave.

37. Defendant's termination of Plaintiff based on her seeking FMLA and/or being eligible for FMLA is reckless, willful and made in bad faith.

38. In terminating Plaintiff, Defendant interfered with and violated Plaintiff's rights under FMLA, and Plaintiff seeks all appropriate remedies as requested in her prayer for relief.

**COUNT TWO: RETALIATION FOR EXERCISING RIGHTS AND ENGAGING IN PROTECTED CONDUCT UNDER THE FAMILY AND MEDICAL LEAVE ACT OF 1993**

39. Plaintiff incorporates the previous paragraphs by reference as if set forth here.

40. In seeking and receiving FMLA leave, Plaintiff engaged in conduct protected under FMLA that entitles her to all relief under the FMLA statute.

41. The Defendant approved Plaintiff for FMLA leave in December 2019.

42. The Defendant terminated Plaintiff within a few weeks after approving her for FMLA leave.

43. Defendant terminated Plaintiff for requesting and/or receiving FMLA leave.

44. Defendant's conduct in terminating Plaintiff is and was in bad faith, malicious, reckless and purposefully indifferent to Ms. Lingenfelter's FMLA rights, and she seeks remedy as set forth in her prayer for relief.

**COUNT THREE: DISABILITY DISCRIMINATION**

45. Plaintiff incorporates the previous paragraphs as if set forth here.

46. The Plaintiff's hysterectomy surgery and its additional care and residuals constitute a disability, which is protected under the West Virginia Human Rights Act, West Virginia Code § 5-11-9.

47. In the alternative, Defendant and it agents perceived and/or regarded Ms. Lingenfelter as disabled under the West Virginia Human Rights Act.

48. At all times, the Plaintiff is and was qualified for the job(s) she held with the Defendant. This is because the Plaintiff satisfies and satisfied the skill, experience, and other job-related requirements for the position, and because Plaintiff was and is able to perform the essential functions of her job with or without reasonable accommodation.

49. The Defendant, by and through the actions of its agents intentionally discriminated against the Plaintiff based on her disability, and/or for reasons arising from discrimination on account of Defendant's perception of Plaintiff as a person with a disability.

50. On information and belief, the person who replaced Plaintiff in her position did not have a disability (actual or perceived).

51. Any alleged reason for firing the Plaintiff from employment is mere pretext for the real reason, namely, the intentional discrimination by Defendant against the Plaintiff based on her disability and/or their perception of Plaintiff as a person with a disability.

52. As a direct and proximate result of the intentional discriminatory acts and practices of Defendant, the Plaintiff has suffered and continues to suffer injury, including past and future loss of income and other employment benefits, pain and suffering, mental anguish, humiliation, loss of enjoyment of life, embarrassment, and damage to her reputation, as well as other past and future pecuniary losses.

53. Defendant knew or should have known that its actions involving the termination of Ms. Lingenfelter's employment were false, wanton, willful and malicious and intended to solely harm her and indifferent to her rights under the West Virginia Human Rights Act. Wherefore, Plaintiff requests judgment as set forth in the prayer for relief.

**COUNT FOUR: RETALIATORY DISCHARGE IN VIOLATION OF WEST VIRGINIA PUBLIC POLICY**

54. Plaintiff incorporates the previous paragraphs as if set forth here.

55. Before her termination by Defendant, Ms. Lingenfelter had performed all conditions, covenants, promises, duties and responsibilities required of her and in accordance and conformity with Defendant's expectations.

56. In striving to comply with her duties as an employee and with West Virginia law prohibiting discriminatory practices, Plaintiff notified Defendant of the need to treat her serious health condition. In so doing, Plaintiff engaged in protected activity.

57. Soon after Plaintiff sought and received protected leave as noted in the preceding paragraph and the facts of the Complaint, the Defendant terminated the Plaintiff.

58. Defendant terminated Plaintiff after she sought and received FMLA leave.

59. Defendant's termination of Plaintiff's employment resulted from her legitimate efforts to comply with West Virginia law and her duties as an employee in seeking to have Defendant comply with West Virginia public policy and Defendant's policies that purport to comply with the FMLA.

60. Plaintiff's discharge also followed her protected activities within such period of time that the Court can infer retaliatory motivation.

61. The Defendant's treatment and termination of Plaintiff is a retaliatory and wrongful

discharge in violation of the public policies embodied in the FMLA because:

(A) The Defendant was aware of Plaintiff's receipt of FMLA and made adverse decisions

concerning the Plaintiff, including, but not limited to its termination of Plaintiff after she

had undergone significant treatment for her hysterectomy and its residuals; and

(B) But for Plaintiff's protected status as a person who sought leave to undergo surgery

for her hysterectomy and its residuals under the FMLA, the Defendant would not have

terminated Plaintiff.

62.  As a direct and proximate result of Defendant's intentional, discriminatory and

retaliatory acts against her, Plaintiff has suffered and continues to suffer injury, including,

but not limited to, loss of past and future earnings and other employment benefits,

anguish, pain and suffering, humiliation, loss of enjoyment of life, costs associated with

obtaining employment, embarrassment, damage to her reputation and other past and

future pecuniary losses. Wherefore, Plaintiff seeks compensatory damages and other

relief as set forth below.

63. Any reason alleged by Defendant for terminating the Plaintiff and denying Plaintiff

employment benefits and fair, non-discriminatory treatment in the course of her

employment is mere pretext for Defendant's real reason for firing the Plaintiff, which is

Defendant's retaliation against Plaintiff for seeking and/or receiving FMLA leave.

64. Defendant and its agents knew or should have known that its actions taken against

Plaintiff were false, wanton, willful, and malicious and designed and intended solely to

harm Plaintiff; Defendant's actions are and were indifferent to Plaintiff's rights under the

8

public policies reflected in the FMLA. Wherefore, Plaintiff seeks punitive damages and relief as provided below.

**COUNT V: DISCRIMINATION BASED ON AGE IN VIOLATION OF THE WEST VIRGINIA HUMAN RIGHTS ACT**

65. Throughout her employment, Plaintiff satisfied all requisite job qualifications, was qualified for the position she held, and performed her job in a manner that met or exceeded the Defendant's legitimate expectations.

66. Plaintiff is over 40 years of age and, as such, is a member of a protected class under the West Virginia Human Rights Act.

67. The Defendant treated employees who are not in Plaintiff's protected class more favorably because of their ages.

68. On information and belief, the person who replaced the Plaintiff in the job she previously held with Defendant is younger than Plaintiff and under 40 years of age.

69.  On information and belief, employees who are not over 40 years of age, including the person who replaced Plaintiff, received more favorable treatment than Plaintiff and/or did not suffer adverse actions in their employment.

70. The Plaintiff's age was a motivating factor in the Defendant's decision to take adverse action against her.

71. But for her age, Defendant would not have taken adverse action(s) against Plaintiff.

72. Defendant's treatment of Plaintiff because of her age was done with malice and with reckless indifference to Plaintiff's rights and Plaintiff's emotional and physical well-being.

9

73. As a direct and proximate result of Defendant's actions, Plaintiff has suffered and continues to suffer substantial damages. Wherefore, Plaintiff requests relief as provided in the prayer.

**COUNT VI: VIOLATION OF WAGE PAYMENT AND COLLECTION ACT**

74. Plaintiff incorporates the previous allegations as if set forth here.

75. West Virginia Code § 21-5-1(c) defines "wages" as "compensation for labor or services rendered by an employee, whether the amount is determined on a time, task, piece, commission or other basis of calculation. . . . the term 'wages' shall also include then accrued fringe benefits capable of calculation and payable directly to an employee. . . ."

76. West Virginia Code § 21-5-4(b) mandates that "[w]henever a person, firm or corporation discharges an employee, the person, firm or corporation shall pay the employee's wages on or before the next regular pay day."

77. On February 15, 2019, the Plaintiff received 5 (five) weeks of vacation time based on her service for Defendant.

78. The Defendant has not paid Plaintiff for her 5 weeks of vacation time as West Virginia Code § 21-5-4(b) mandates.

79. If an employer fails to pay an employee wages as West Virginia Code West Virginia Code § 21-5-4(b) requires, then the employer is liable to the employee for the amount that was unpaid and two (2) times said unpaid amount as liquidated damages. See, West Virginia Code § 21-5-4(e).

80. Defendant still owes Plaintiff her unpaid wages and damages in the amount of at least two (2) times that of the wages that Plaintiff should have been paid no later than the next regular pay day after her termination.

10

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests judgment against Defendant as follows:

On Counts III, IV and V, actual damages for lost wages, front pay, back pay, fringe benefits and other actual damages according to the evidence and as determined by a jury; General and compensatory damages for annoyance, inconvenience, embarrassment, humiliation and emotional distress suffered by Plaintiff as a direct and/or proximate result of Defendant's conduct;

On Counts III, IV and V, punitive damages in an amount to be determined by a jury and sufficient to deter future improper conduct and to punish the Defendant for its reckless and willful actions;

On the FMLA Counts I and II, all damages allowed under the FMLA, including, but not limited to actual and liquidated damages;

On Count VI, grant Plaintiff all unpaid wages, plus liquidated damages in an amount twice that of Plaintiff's unpaid wages, attorney fees and costs, as allowed by law;

On all counts:

Prejudgment and post-judgment interest on all amounts allowed by law;

All costs incurred in pursuing this action;

Attorney fees; and

Such other relief as this Court deems fair and proper in the interest of justice.

### PLAINTIFF REQUESTS A TRIAL BY JURY ON ALL ISSUES.

PLAINTIFF, PAULA LINGENFELTER,

By Counsel,

11

Hoyt Glazer, Esq.
Law Office of Hoyt Glazer, PLLC
618 Tenth Street, Suite 105
Huntington, West Virginia 25701
T. (681) 204-3914
F. (681) 495-0494

**IN THE CIRCUIT COURT OF CABELL COUNTY, WEST VIRGINIA**

**PAULA LINGENFELTER,**

     **Plaintiff,**

                                    Civil Action No. 20-C-198

                                      Judge /s/ GREGORY L. HOWARD, JR.

**v.**

**SENIOR HOME CARE, LLC,**

     **Defendant.**

FILED 2020 JUN -1 AM 10: 46 J.E. HOOD CIRCUIT CLERK, CABELL CO. WV

<strong>SUMMONS</strong>

To the above-named DEFENDANT:     Senior Home Care, LLC
                                   c/o Paracorp Incorporated
                                   2804 Gateway Oaks Dr. #100
                                   Sacramento, CA 95833

     IN THE NAME OF THE STATE OF WEST VIRGINIA: you are hereby summoned and are required to serve upon **Hoyt Glazer, Plaintiff's attorney**, whose address is: **Law Office of Hoyt Glazer, PLLC, 618 10th Street, Suite 105, Huntington, West Virginia 25701** an answer, including any related counterclaim, or any other claim you may have to the complaint filed against you in the above-styled civil action, a true copy of which is herewith delivered to you. You are required to serve your answer within twenty (20) days after service of this summons upon you, exclusive of the date of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint and you will be thereafter barred from asserting in another action any claim you may have which must be asserted by counterclaim, or any other claim in the above-styled action.

DATED:   JUL 0 1 2020  , 2020

☑ Service - Certified (RD)
☐ Service - Sheriff
☑ Returned to Atty. for Service
☐ Returned to Pltf. for Service

Clerk of Court

```
        Cabell County Circuit Clerk's Office          Page:    1
        750 5th Avenue
        Huntington, WV  25701

RECEIPT
NUMBER: 310469                                  July 1, 2020

Received of: Hoyt Eric Glazer

The exact sum of Two Hundred and Twenty Dollars and 00 cents


Plaintiff: Paula Lingenfelter
Defendant: Senior Home Care LLC

Case Number: CK-6-2020-C-198
```

| Description | | | Amount |
|---|---|---|---|
| FILE | CIVIL | Filing Fee | 200.00 |
| SERVICE | CERC | Certified Mail by Circuit Clerk to Senior Home Care LLC | 20.00 |
| PAYMENT-CHECK (2083) | | | -220.00 |

```
                        Jeffrey E. Hood, Circuit Clerk

                        Deputy _____
                                Betty Utt
```

20-C-198

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

OFFICIAL USE

7019 1640 0001 1118 6774

Certified Mail Fee
$

Extra Services & Fees *(check box, add fee as appropriate)*
☐ Return Receipt (hardcopy)          $ _____
☐ Return Receipt (electronic)        $ _____
☐ Certified Mail Restricted Delivery $ _____
☐ Adult Signature Required           $ _____
☐ Adult Signature Restricted Delivery $ _____

Postage
$

Total Postage and Fees
$

Postmark
Here

20-C-198

Sent To  Senior Home Care LLC
Street and Apt. No., or PO Box No.  C/o Dra Corp. Incorp. 2804 Gateway Oak
City, State, ZIP+4®  Dr. #T00   Sacramento, CA 958 33

PS Form 3800, April 2015 PSN 7530-02-000-9047          See Reverse for Instructions

IN THE CIRCUIT COURT OF _____**CABELL**_____ COUNTY, WEST VIRGINIA

## CIVIL CASE INFORMATION STATEMENT
(Civil Cases Other than Domestic Relations)

**I. CASE STYLE:**

Case No. _20-C-498_

**Plaintiff(s)**

Judge: _/s/ GREGORY L. HOWARD, JR._

Paula Lingenfelter

c/o Law Office of Hoyt Glazer, PLLC

618 10th St., Ste 105, Huntington, WV 25701

vs.

| | Days to Answer | Type of Service |
|---|---|---|
| **Defendant(s)** | | |
| Senior Home Care, LLC | 20 | Personal |

Name

c/o Paracorp Incorporated

Street Address

2804 Gateway Oaks Dr#100,Sacramento,CA95833

City, State, Zip Code

FILED
2020 AUG 28 AM 11: 45
J.E. HOOD
CIRCUIT CLERK
CABELL CO. WV

**II. TYPE OF CASE:**

- [✓] General Civil
- [ ] Mass Litigation *[As defined in T.C.R. 26.04(a)]*
  - [ ] Asbestos
  - [ ] FELA Asbestos
  - [ ] Other:
- [ ] Habeas Corpus/Other Extraordinary Writ
- [ ] Other:

- [ ] Adoption
- [ ] Administrative Agency Appeal
- [ ] Civil Appeal from Magistrate Court
- [ ] Miscellaneous Civil Petition
- [ ] Mental Hygiene
- [ ] Guardianship
- [ ] Medical Malpractice

**III. JURY DEMAND:** [✓] Yes [ ] No  CASE WILL BE READY FOR TRIAL BY (Month/Year): 09 / 2021

**IV. DO YOU OR ANY OF YOUR CLIENTS OR WITNESSES IN THIS CASE REQUIRE SPECIAL ACCOMMODATIONS?**

[ ] Yes [✓] No

IF YES, PLEASE SPECIFY:
- [ ] Wheelchair accessible hearing room and other facilites
- [ ] Reader or other auxiliary aid for the visually impaired
- [ ] Interpreter or other auxiliary aid for the deaf and hard of hearing
- [ ] Spokesperson or other auxiliary aid for the speech impaired
- [ ] Foreign language interpreter-specify language:
- [ ] Other:

Attorney Name: Hoyt Glazer

Firm: Law Office of Hoyt Glazer, PLLC

Address: 618 10th Street, Suite 105, Huntington, WV 25701

Telephone: (681) 204-3914

Representing:
- [✓] Plaintiff
- [ ] Defendant
- [ ] Cross-Defendant
- [ ] Cross-Complainant
- [ ] 3rd-Party Plaintiff
- [ ] 3rd-Party Defendant

[ ] **Proceeding Without an Attorney**

Original and __2__ copies of complaint enclosed/attached.

Dated: 06 / 30 / 2020    Signature: _____

**SCA-C-100:** Civil Case Information Statement (Other than Domestic Relations)    Revision Date: 12/2015

## IN THE CIRCUIT COURT OF CABELL COUNTY, WEST VIRGINIA

**PAULA LINGENFELTER,**

**Plaintiff,**

**Civil Action No. 20-C-198**

**Judge**

**v.**

**SENIOR HOME CARE, LLC**
**d/b/a HOME CARE**
**ASSISTANCE,**

**Defendant.**

### SUMMONS

To the above-named DEFENDANT:      Senior Home Care, LLC
c/o Aamir Cheema
1 Bryan Drive
Barboursville, West Virginia 25504

IN THE NAME OF THE STATE OF WEST VIRGINIA: you are hereby summoned and

are required to serve upon **Hoyt Glazer, Plaintiff's attorney**, whose address is: **Law Office of**

**Hoyt Glazer, PLLC, 618 10ᵗʰ Street, Suite 105, Huntington, West Virginia 25701** an answer,

including any related counterclaim, or any other claim you may have to the complaint filed against

you in the above-styled civil action, a true copy of which is herewith delivered to you. You are

required to serve your answer within twenty (20) days after service of this summons upon you,

exclusive of the date of service. If you fail to do so, judgment by default will be taken against you

for the relief demanded in the complaint and you will be thereafter barred from asserting in another

action any claim you may have which must be asserted by counterclaim, or any other claim in the

above-styled action.

DATED: _AUG 2 8 2020_ , 2020

/s/ JEFFREY E. HOOD

Clerk of Court

## IN THE CIRCUIT COURT OF CABELL COUNTY, WEST VIRGINIA

PAULA LINGENFELTER,

      Plaintiff,

v.

                                Civil Action No. 20-C-198
                                Judge: Gregory L. Howard Jr.

SENIOR HOME CARE, LLC
d/b/a HOME CARE
ASSISTANCE,

      Defendant.

### AFFIDAVIT

STATE OF WEST VIRGINIA;
COUNTY OF CABELL, TO-WIT:

      I, Stephen Morrison, being first duly sworn upon my oath do depose and say as follows:

1. I am over the age of eighteen (18) years and am under no legal disability which would prevent me from making this affidavit.
2. I am fully qualified to make service of process in the State of West Virginia as a "credible person", and have been doing so for a number of years.
3. On September 1st, 2020, I served Aamir Cheema, in the County of Cabell, in the State of West Virginia, with the following documents Summons and Complaint.

      I have hereby read the foregoing statements and swear that they are true and correct to the best of my knowledge and belief.

      Witness the following signature:

                                          STEPHEN MORRISON

      Taken, subscribed and sworn to before me, the undersigned authority, by Stephen Morrison, on this ___4___ day of _Sept_____, 20_80___, in the County of _Cabell_____, and State of _WV_____.

      My commission expires: _____

                                          Notary Public



**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece.

Senior Home Care LLC
c/o Paracorp Incorporated
2804 Gateway Oaks Dr # 100
Sacramento, CA 95833

20-C-198

FILED 2020 SEP -8

J.E. HOOD
CIRCUIT CLERK
CABELL CO. WV

9590 9402 5508 9249 1350 16

2. Article Number *(Transfer from service label)*

7019 1640 0001 1118 6774

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____  ☐ Agent
                    ☐ Addressee

B. Received by *(Printed Name)*   C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053          Domestic Return Receipt



First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

USPS TRACKING #

9590 9402 5508 9249 1350 16

United States
Postal Service

• Sender: Please print your name, address, and ZIP+4® in this box•

JEFFREY E. HOOD
CABELL COUNTY CIRCUIT CLERK
P. O. BOX 545
HUNTINGTON, WV 25710-0545

IN THE CIRCUIT COURT OF CABELL COUNTY, WEST VIRGINIA

FILED

PAULA LINGENFELTER,

2020 SEP -9  AM 10: 38

    Plaintiff,

J.E. HOOD
CIRCUIT CLERK
CABELL CO.

v.

Civil Action No.: 20-C-198
Judge: Gregory L. Howard, Jr.

SENIOR HOME CARE, LLC,
d/b/a HOME CARE ASSISTANCE,

    Defendant.

## NOTICE OF BONA FIDE DEFENSE

PLEASE TAKE NOTICE that Defendant Senior Home Care, LLC, d/b/a Home Care Assistance, has a bona fide defense to the claims set forth in the Complaint in this Action and, pursuant to Rule 12(a)(1), West Virginia Rules of Civil Procedure, will file an Answer to or otherwise respond and defend against the allegations of the Complaint within thirty (30) days after the date of service of said Summons and Complaint.

SENIOR HOME CARE, LLC
d/b/a HOME CARE
ASSISTANCE,

By Counsel

Charlotte A. Hoffman Norris, Esquire (WVSB #5473)
JENKINS FENSTERMAKER, PLLC
P.O. Box 2688
Huntington, WV 25726
Telephone: (304) 523-2100
Fax: (304) 523-2347
E-mail: chn@JenkinsFenstermaker.com

IN THE CIRCUIT COURT OF CABELL COUNTY, WEST VIRGINIA

PAULA LINGENFELTER,

      **Plaintiff,**

v.                                **Civil Action No.: 20-C-198**
                                       **Judge: Gregory L. Howard, Jr.**

SENIOR HOME CARE, LLC,
d/b/a HOME CARE ASSISTANCE,

      **Defendant.**

## CERTIFICATE OF SERVICE

I, the undersigned counsel for Defendant Senior Home Care, LLC d/b/a Home Care Assistance, hereby certify that I served a true and correct copy of the foregoing *"Notice of Bona Fide Defense"* by placing the same into the United States Mail, first class postage prepaid, in an envelope addressed to the following counsel of record on this 8th day of September, 2020:

Hoyt Glazer, Esquire
Law Office of Hoyt Glazer, PLLC
618 10th Street, Suite 105
Huntington, WV 25701
*Counsel for Plaintiff*

Charlotte A. Hoffman Norris, Esquire (WVSB #5475)

**JENKINS FENSTERMAKER, PLLC**
Post Office Box 2688
Huntington, WV 25626-2688
(304) 523-2100/304-523-2347 (facsimile)
chn@jenkinsfenstermaker.com